ALD-064                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2697
_____

TOWANNA CHERIE ROGERS,
                                    Appellant

v.

NRG ENERGY INC; MARSHA MANN MARTIN;
LAURIE GANNON; PETER JOHNSON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-18-cv-02694)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 7, 2021

Before:  MCKEE, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed: February 9, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Towanna Rogers appeals pro se from the District Court's dismissal of her civil

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

rights action.  Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.

I.

In March 2019, Rogers filed a complaint in the District Court against her former employer, NRG Energy, Inc., and several individual employees.  She alleged that she had been unlawfully terminated in March 2017 on account of her race in violation of Title VII of the Civil Rights Act and the New Jersey Law Against Discrimination.

The defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  They argued that Rogers had released all potential claims against them pursuant to a Settlement Agreement and General Release (the "Agreement") executed on March 10, 2017.  Rogers opposed the motion, arguing that the Agreement was unenforceable because she had been suffering from clinical depression before she signed it.

On June 27, 2019, the District Court granted the defendants' motion and dismissed the complaint.  The court determined that, although Rogers alleged that she had been treated by a psychiatric nurse for depression from September 2016 through December 2016, she did not allege that her psychological ailment restricted her ability to comprehend the Agreement when she signed it in March 2017.  The District Court also recognized Rogers's allegation that she received "counsel" from a pastor, a non-medical professional, but the court concluded that she did not allege sufficient facts concerning this relationship to support an inference that she was mentally incapacitated at the

2

relevant time. Given Rogers's pro se status, however, the District Court granted Rogers leave to file an amended complaint to address her capacity to under the Agreement when she signed it.

In her amended complaint, Rogers added that she recommenced medical treatment for her depression in April 2017, and that, in February 2018, she began receiving social security disability benefits. She also stated that she has been diagnosed with post-traumatic stress disorder (PTSD) arising from her termination. After the defendants moved to dismiss the amended complaint, the District Court concluded that Rogers's allegations were still insufficient to state a claim and granted the defendants' motion. Rogers sought reconsideration and leave to file another amended complaint, but the District Court denied her motions.

Rogers appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's order granting a motion pursuant to Rule 12(b)(6). See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). We may summarily affirm when no substantial question is presented by the appeal. See Third Cir. LAR 27.4; I.O.P. 10.6.

## III.

We will summarily affirm.  A contract is voidable under New Jersey law if "one party was not competent to voluntarily consent thereto."  Jennings v. Reed, 885 A.2d 482, 488 (N.J. Super. App. Div. 2005).  To demonstrate incompetence, the party must show that she lacked either: (1) "the ability to understand the nature and effect of the act in which [she] is engaged, and the business [she] is transacting," or (2) the "mind [was] so clouded or perverted by age, disease, or affliction, that [the party could not] comprehend the business in which [she was] engaging."  Id.

Although the District Court's June 27, 2019 order set forth the standard for voiding an agreement based on mental incompetence and gave Rogers leave to amend her complaint to address that issue, her amended complaint merely refers to diagnoses and treatments—facts which, if true, do not entail a lack of understanding.  Therefore, the District Court properly dismissed the amended complaint.[1][2]

IV.

Accordingly, we will summarily affirm the District Court's orders.

---

[1] We have held that, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).  Because the parties do not dispute the authenticity of the Agreement, the District Court was permitted to consider it.

[2] The District Court did not abuse its discretion in denying Rogers's post-judgment motions for reconsideration and to amend.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).